IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DOLORES YEE,<br>Plaintiff, | § § § | |
| v. | § § | EP-17-CV-317-PRM |
| PASSLINE SERVICES, LP,<br>THE ENRLICH LAW<br>FIRM, MILLS ESCROW,<br>and THE PAXSON LAW<br>FIRM,<br>Defendants. | § § § § § § § | |

## ORDER GRANTING MOTION
## TO REMAND AND MOTIONS TO DISMISS

On this day, the Court considered Defendant[1] Passline Services, LP's [hereinafter "Passline"] "Motion to Remand" (ECF No. 7), filed on December 13, 2017, Defendant The Paxson Law Firm's [hereinafter "Paxson"] "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (ECF

---

[1] The Court will continue to refer to Passline Services, LP, The Enrlich Law Firm, Mills Escrow, and the The Paxson Law Firm collectively as "Defendants" in this matter to avoid confusion. As described below, Plaintiff Dolores Yee changed her original breach of contract action filed in federal court to a removal of a state eviction case. Upon doing so, she switched her role in the proceedings from plaintiff in the breach of contract suit to defendant in the eviction proceeding. Thus, although Dolores Yee is still listed as the plaintiff in the caption and on the Electronic Court Filing system, she is technically the defendant in this matter because it is now a removed state eviction case in which Yee is the defendant.

No. 5), filed on November 27, 2017, and Defendant Mills Escrow's "Motion to Dismiss for Failure to State a Claim" (ECF No. 8), filed on December 15, 2017, in the above-captioned cause. Pro se Plaintiff Dolores Yee [hereinafter "Yee"] has not filed a response to any of the motions as of the date of entry of this Order. After due consideration, the Court is of the opinion that all three motions should be granted.

I. **BACKGROUND**

The Complaint in this case follows an eviction proceeding in state court [hereinafter "Eviction Suit"] to eject Yee from real property located at 1612 Plaza Central, El Paso, Texas, 79912 [hereinafter "Property"] after a foreclosure sale. The Eviction Suit was filed by Passline against Yee. Passline claims to have purchased the Property at a foreclosure sale, and thus sought possession of it through the Eviction Suit. Mot. Remand Ex. A. Passline was represented by Attorney Kurt G. Paxson[2] of the law firm Mounce, Green, Myers, Safi, Paxson & Galatzan. *Id.*

---

[2] It appears that "The Paxson Law Firm" (the entity named in Yee's original Complaint) is actually Attorney Kurt G. Paxson. Attorney Paxson claims that he is not affiliated with any entity known as "The Paxson Law Firm." Paxson's Mot Dismiss Ex. 1, Declaration of Kurt G. Paxson. Regardless of the true identity of the Defendant, for purposes

2

In the Eviction Suit, the state court issued an order with its findings and conclusions. Mot. Remand Ex. D. Specifically, the state court found that Yee did not file an answer or make an appearance and, thus, waived her right to a jury trial. *Id.* The court also granted Passline possession of the Property, ordered Yee to vacate the premises, and granted Passline's request for attorney's fees and costs. *Id.* Immediately following that order, Yee filed the Complaint (ECF No. 3) in this matter.

In Yee's Complaint, she alleged that although she made monthly mortgage payments, Defendants,[3] including Passline, engaged in an unlawful scheme to refuse to credit her payments towards the mortgage. Compl. 5. This failure to credit her payments ultimately caused the mortgage lender to foreclose on the Property. Compl. 5–6. In the Complaint, Yee alleged six different causes of action including

---

of this Order the Court will refer to both attorney Kurt G. Paxson and "The Paxson Law Firm," which appear to be only one entity, as "Paxson."

[3] It is difficult to determine from the Complaint each of the Defendants' specific roles in the allegedly fraudulent scheme. For purposes of this Order, determining the specific facts regarding these allegations is unnecessary because Yee abandoned her initial claims after filing her Amended Complaint.

3

breach of contract, fraud, and wrongful foreclosure, all relating to the Property. *Id.* at 4.

One day after filing the Complaint, on November 17, 2017, Yee sent a letter directed to the District Court Clerk's Office indicating that she wished to amend her Complaint "from a Contract case to a civil rights removal." Am. Compl. 1, ECF No. 4. The Court will treat this letter as Yee's Amended Complaint. Upon filing her Amended Complaint, this case shifted from an original action in the District Court to a removed state-court action.[4] The letter claims that "the Judge, the Clerk and Attorney of Record in [Justice of the Peace] Court, #1 has [sic] committed an Act [under] [c]olor [of] 18 USC § 242, and therefore has given me permission to remove this case under civil rights 28 USC § 1443." *Id.* Specifically, Yee claims that she was unlawfully deprived of her right to a jury trial. *Id.*

After Yee filed her Amended Complaint, Defendants Paxson and Mills Escrow each filed motions to dismiss because neither was a party

---

[4] It is irregular to remove a case from state court to federal court after a state court has already issued what appears to be a final judgment. However, Defendants have not challenged this aspect of the removal. Thus, the Court will treat this cause as removed for purposes of this Order.

4

to the Eviction Suit.[5] Passline, the only party besides Yee in the Eviction Suit, filed a Motion to Remand (ECF No. 7) and a "Motion for Hearing" (ECF No. 9). Yee has failed to respond at all to any of the Defendants' motions.[6]

## II. ANALYSIS

### A. The Amended Complaint

"It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 282 (W.D. Tex. 2014) (citing *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)). The effect of Yee's letter to the District Court Clerk requesting that her Complaint be changed "from a [c]ontract case to a civil rights removal" resulted in her abandonment of the original Complaint and functionally served as a notice of removal. Yee did not

---

[5] To clarify, although Yee deems this action a "civil rights removal," it is still a removed, state-law eviction case. The fact that Yee utilized a statute that provides for the removal of civil rights actions does not make this action a civil rights suit.

[6] The Court may grant motions as unopposed when the opposing party fails to file a timely response. Western District of Texas Local Rule CV-7(e)(2).

5

incorporate her original Complaint into her Amended Complaint, and thus her original Complaint loses all legal effect.

While the Court understands that pro se pleadings should be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), there has been no indication that Yee wishes to continue pursuing her original claims. First, the language in the letter appears to indicate a clear desire to change the nature of her lawsuit rather than simply to add to or alter her previous claims. Yee stated that she wished to "change" her contract case to a "civil rights removal." Am. Compl. 1. It did not state that she wished to add claims to her original Complaint or amend the claims therein. Second, Yee has failed to respond to multiple motions that are all premised on the assumption that the Amended Complaint completely supersedes the original Complaint. Thus, the Court assumes that Yee does not object to the abandonment of the claims in her original Complaint.

**B.   Remand**

Paxson has moved to remand this case because 28 U.S.C. § 1443, the statute upon which Yee bases her removal, does not apply in this situation. The Court agrees that removal of this case was improper.

Section 1443 contains two provisions. The first provision allows actions commenced in state court to be removed to federal court where any party in the state action "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443. Such removals must be based on laws with "specific language of racial equality" rather than laws of "general application available to all persons or citizens[.]" *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

The second provision of § 1443 also allows removal of claims based on "any act under color of authority derived from any law providing for equal rights." *Id.* This subsection is applicable in situations where a government officer is sued for actions taken in furtherance of civil rights legislation. *City of Greenwood v. Peacock*, 384 U.S. 808, 815–24 (1966). Thus, this provision of § 1443 confers a privilege of removal only "upon federal officers or agents[,]" state officers in some situations, "and those authorized to act with or for the[ ] [government officers] in affirmatively executing duties under any federal law providing for equal civil rights." *Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch.*

7

*Bd.*, 417 F.3d 444, 446 (5th Cir. 2005) (quoting *City of Greenwood*, 384 U.S. at 824).

Here, it is unclear whether Yee is basing removal on the first or second provision of § 1443. Thus, the Court will analyze whether removal was proper under either provision. Regarding the first provision, Yee claims the state court, opposing party, and opposing attorney in the Eviction Suit violated Yee's civil rights. Am Compl. 1. Specifically, Yee complains that those parties "usurp[ed her] right to trial by jury" because the state court struck her jury trial request in the eviction proceeding. Am Compl. 1. However, Yee has not identified a federal civil rights law that provides a right to a jury in a state eviction proceeding. Even if she had identified such a law, she would also need to demonstrate that the law contained "specific language of racial equality." *Rachel*, 384 U.S. at 792. Thus, Yee has not demonstrated that she was denied or unable to enforce "a right under any law providing for the equal civil rights of citizens of the United States" pursuant to § 1443. Accordingly, removal under the first provision of § 1443 is improper.

Regarding the second § 1443 provision, Yee claims that the Defendants denied her rights while acting under color of 18 U.S.C. § 242.[7] However, Yee has misconstrued the purpose of this subsection. Removal under 28 U.S.C. § 1443(2) is only available to government officers sued based on actions they took in furtherance of implementation of civil rights legislation. *See City of Greenwood*, 384 U.S. at 815–824 (discussing the history of § 1443(2)). Private citizens generally may not remove based on this provision. *Id.* Yee is neither a state or federal officer nor was she ever acting based on authority under a civil rights law. Thus, she may not remove this action based on § 1443(2). *See Charter Sch. of Pine Grove*, 417 F.3d at 446.

Construing the pleadings liberally, Yee could be attempting to remove based on federal-question jurisdiction because she believes the Defendants violated some right she possessed pursuant to 18 U.S.C. § 242. However, this basis for removal would fail too. Section 242 is a criminal statute that does not provide a private right of action in a civil case. 18 U.S.C. § 242. Further, even if the statute were privately

---

[7] This criminal law prohibits entities acting under color of law from depriving citizens of rights, privileges, or immunities secured by the Constitution or laws of the United States. 18 U.S.C. § 242.

9

actionable, Passline's "Sworn Complaint for Forcible Detainer" has no relation to that law. Mot. Remand Ex. A. Thus, Yee cannot satisfy the Well-Pleaded Complaint Rule, and federal-question jurisdiction does not lie. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983). Accordingly, there is no subject-matter jurisdiction, and remand is proper.

### C. Dismissal of Certain Defendants

Yee's initial Complaint included parties relevant to her original contract action, including Mills Escrow and perhaps Attorney Kurt G. Paxson in his personal capacity. However, Yee amended her Complaint and now asserts that her claim is a removal of the Eviction Suit. Am Compl. 1. Yee has not maintained that any of the Defendants listed in her original Complaint, besides Passline, were parties to the Eviction Suit. Thus, the only proper party the Court can discern is Passline Services, the sole plaintiff in the state Eviction Suit. Defendants Paxson and Mills Escrow are no longer proper parties to this litigation. Thus, Mills Escrow and Paxson's motions to dismiss should be granted.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Mills Escrow's "Motion to Dismiss for Failure to State a Claim" (ECF No. 8), and Defendant The Paxson Law Firm's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (ECF No. 5) are **GRANTED** and that those two Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant The Paxson Law Firm's "Motion to Remand" (ECF No. 7) is **GRANTED** and that Plaintiff Dolores Yee's cause is **REMANDED** to the El Paso, Texas County Justice of the Peace, Precinct One, under Cause Number 117-00497-FED.

Finally, **IT IS ORDERED** that Defendant The Paxson Law Firm's "Motion for Hearing" (ECF No. 9), and Plaintiff Dolores Yee's "Emergency Motion to Affirm Automatic Stay Under 28 U.S.C. § 1446" (ECF No. 10) are **DENIED AS MOOT**.

**SIGNED** this 22 day of **January, 2018**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE