IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DOLORES YEE,<br>　　Plaintiff,<br><br>v.<br><br>PASSLINE SERVICES, LP,<br>THE ENRLICH LAW<br>FIRM, MILLS ESCROW,<br>and THE PAXSON LAW<br>FIRM,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-17-CV-317-PRM |

## ORDER DENYING MOTION TO RECONSIDER AND MOTION FOR ATTORNEY'S FEES

On this day, the Court considered Defendant[1] Passline Services, LP's [hereinafter "Passline"] "Motion for Attorney's Fees" (ECF No. 17), filed on February 5, 2018; Plaintiff Dolores Yee's [hereinafter "Yee"] "Motion to Reinstate and Set Aside Default Judgment/Order, Attorney Fees" (ECF No. 22) [hereinafter "Motion to Reconsider"], filed February

---

[1] The Court will continue to refer to Passline Services, LP as the defendant in this matter and Dolores Yee as the plaintiff to avoid confusion. As described below, Plaintiff Dolores Yee changed her original breach of contract action filed in federal court to a removal of a State eviction case. Upon doing so, she switched her role in the proceedings from plaintiff in the breach of contract suit to defendant in the eviction proceeding. Thus, although Dolores Yee is still listed as the plaintiff in the caption and in the Electronic Court Filing system, she is technically the defendant in this matter because it is now a removed State eviction case in which Yee was the defendant.

20, 2018; Passline's "Response" to Yee's Motion to Reconsider (ECF No. 23, filed on February 23, 2018; and Yee's "Objections to Defendant Counsel [sic] Paxson Responses" (ECF No. 24) [hereinafter "Reply"], in the above-captioned cause. After due consideration, the Court is of the opinion that both motions should be denied.

I. BACKGROUND

The motions under consideration follow the Court's January 22, 2018 "Order Granting Motion to Remand and Motions to Dismiss" (ECF No. 11) [hereinafter "Order"]. In that Order, the Court remanded this matter back to State court and dismissed two defendants that Yee added to this cause that were not present in the State suit. Order 11.

In its Motion for Attorney's Fees, Passline seeks fees because it claims Yee's removal was objectively unreasonable, which often warrants an award of such fees. Mot. Attorney's Fees 2. Passline also argues that "Yee's Notice of removal was a transparent attempt to stall the writ of possession and allow her to stay in possession" of a piece of property. *Id.* Yee has not responded directly to the Motion for Attorney's Fees, except insofar as her Motion to Reconsider includes a vague request to "set aside" or "stop" attorney's fees. *See* Mot.

Reconsider 1, 29. She provided no argument specifically refuting Passline's assertions.

After failing to respond to Passline's Motion for Attorney's Fees, Yee filed her Motion to Reconsider. Like Yee's previous written pleadings, it is difficult to discern with precision the relief Yee requests in her Motion to Reconsider. The full title of the Motion is "Motion to Reinstate and Set Aside Default Judgment/Order, Attorney Fees And Writ Pursuant Unlawful [sic] Possession executed 11/19/18 by Justice of the Peacel [sic]." In her Motion to Reconsider, Yee appears to request an evidentiary hearing, discusses the factors for a preliminary injunction, and requests that the Court "stay execution" of the State-court judgment. Mot. Reconsider 1–6. Yee further claims that she never received notice of Passline's initial motion to remand, or any of the other Defendants' motions to dismiss. *Id.* at 8.

Because of the numerous claims for relief made in her Motion, the exact basis for Yee's challenge to the Court's Order is unclear. However, Yee mentions Federal Rule of Civil Procedure 60 multiple times in the Motion. Rule 60(b) allows for reconsideration of a final order under certain circumstances that the Court will describe further *infra*. Because this is the clearest basis for her challenge to the Court's

remand order and dismissal of certain defendants, the Court will construe Yee's Motion as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed[.]'"). The Court will address the the Motion to Reconsider and the Motion for Attorney's Fees in turn.

## II. ANALYSIS

### A. Motion to Reconsider

Rule 60(b) provides that the Court may

> . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (3) . . . misconduct by an opposing party; . . .
>
> (6) any other reason that justifies relief.

Here, Yee claims that she did not receive copies of any of the pertinent motions on which the Court ruled, and thus was unable to respond to the motions. Mot. Reconsider 8. Further, she claims that attorney Kurt G. Paxson, who represents Passline, "has violated every ethical rule," "lied under oath," and has brought "disgrace to the administration of justice" through his conduct. *Id.* at 5–6. Thus, she seeks relief from the Court's order granting remand because she was

4

not afforded an opportunity to respond, and because of Attorney Paxson's alleged misconduct.

Yee is not entitled to relief pursuant to Rule 60(b). Regardless of the alleged issues with notice, misconduct, and improprieties in the State proceeding, Yee fails to respond to the Court's legal rationale for remanding this case and dismissing two defendants. In its Order, the Court construed Yee's one-page Notice of Removal (ECF No. 4) quite generously, and explained why 28 U.S.C. § 1443, the statute upon which Yee based removal, was inapplicable to her case. Further, the Court described why it was appropriate to dismiss the two defendants in the federal case that were not named defendants in the original State case.

Here, neither Yee's Motion to Reconsider nor her Reply challenges any of the Court's reasoning or legal conclusions. Instead, Yee spends nearly all of the briefing describing alleged injustices that occurred in State court, Attorney Paxson's alleged wrongdoing, why she is entitled to possession of the foreclosed-upon property at issue, and how she did not receive notice of Defendants' motions. Yee provides no analysis of the Court's Order, further explanation for why this case belongs in federal court, or reasons why some defendants were improperly

dismissed. Accordingly, even assuming all of her claims about misconduct, impropriety, and her failure to receive notice are true, Yee has not provided a sufficient reason to reconsider the Order.

### B. Motion for Attorney's Fees

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. However, "[t]here is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In determining whether to grant attorney's fees after remand, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008).

In the context of pro se litigants, "courts accord significant weight to the defendant's lack of representation." *Wilson v. Gagni*, No. C 13-

4814 SI, 2014 WL 547177, at *3 (N.D. Cal. Feb. 7, 2014); *see also Texas v. Melton*, No. A-16-CA-863-SS, 2016 WL 4718434, at *3 (W.D. Tex. Sept. 9, 2016) (explaining how the court was "particularly cautious" to "impose costs or sanctions" because "the plaintiff appear[ed] *pro se*"); *Manna Ministry Ctr. v. Adrian*, No. CIV. 11-4145-KES, 2012 WL 195522, at *5 (D.S.D. Jan. 23, 2012) (noting that many "district courts have recognized the importance of a removal petitioner's pro se status in evaluating requests for costs under § 1447(c)"). Other courts have outright refused to grant attorney's fees against pro se litigants despite the objective unreasonableness of removal. *See, e.g., Penny Mac Loan Servs., LLC v. Mesi*, No. 3:16-CV-00220-RCJ-VPC, 2016 WL 3618427, at *2 (D. Nev. July 5, 2016) ("Although the Court finds that no objectively reasonable basis for removal existed, it declines to grant Plaintiff's request in light of Defendant's pro se status."); *OneWest Bank, FSB v. Mohr*, No. C 10-00639 SBA, 2010 WL 2721437, at *3 (N.D. Cal. July 7, 2010) (denying a request for attorney's fees against pro se defendants even though their removal attempt was untimely and it would have been "readily apparent" to an attorney that their attempt lacked an objectively reasonable basis).

Here, although it appears to be within its discretion to do so, the Court declines to rule categorically that Plaintiff may not recover attorney's fees simply because Yee is proceeding pro se. Such a ruling would be at odds with other Texas district court decisions (*see, e.g.*, *Melton*, 2016 WL 4718434 at *3), and may hinder the Court in its ability to grant attorney's fees against pro se litigants in the future if the circumstances so warrant. However, under the particular circumstances of removal here, the Court concludes that an award of attorney's fees is not appropriate. As the Court explained in its order granting remand, removal of this case was unquestionably legally improper. However, the particular statute on which Yee based removal, 28 U.S.C. § 1443, provides a reasonable basis for an unsophisticated pro se litigant to believe that she had a right to remove the case to federal court at any time in the proceedings. Section 1443 states that

> Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court[:] . . .
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . .

Construing Yee's Notice of Removal liberally, it appears that she believed that a denial of a jury trial in her State eviction proceeding constituted a denial of her civil rights. Without reference to case law

8

and other statutes, § 1443 can plausibly be read as providing Yee a mechanism by which she could attempt to remedy the denial of her supposed right to a jury trial. Of course, as the Court previously explained in its order granting remand, no such right to a jury trial existed under the circumstances, and, even if it had, § 1443 was not an appropriate way to enforce that right. Nonetheless, the Court concludes that Yee's removal attempt was not so far outside the bounds of reason for a pro se litigant that it justifies the imposition of attorney's fees against her. A pro se litigant could plausibly construe the language in § 1443 as conferring a right to removal under these circumstances. Thus, Passline's request for attorney's fees should be denied.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Passline Services, LP's "Motion for Attorney's Fees" (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Dolores Yee's "Motion to Reinstate and Set Aside Default Judgment/Order, Attorney Fees" (ECF No. 22) is **DENIED**.

SIGNED this 30 day of April, 2018.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE